LUSTIK, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 20, 1924—January 13, 1925.*

*Intoxicating liquors: License to sell non-intoxicants: When liquor is in possession of licensee.*

1. Under sub. (30), sec. 165.01, Stats. 1923, prohibiting any person having a license for the sale of non-intoxicating liquor from having in his possession, on or about the premises licensed, any intoxicating liquor, it is immaterial whether or not the licensee is the owner or a tenant.   p. 393.

2. Evidence which showed that defendant possessed a license to sell non-intoxicating liquors, that he was present when officers entered the licensed premises, and that intoxicating liquor was found in a glass on a work-bench behind the bar, is sufficient to sustain a conviction for the violation of said sub. (30), the liquor being in the control of the defendant within the meaning of the statute.   p. 393.

ERROR to review a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge.   *Affirmed.*

The cause was submitted for the plaintiff in error on the brief of *A. W. Richter* of Milwaukee, and for the defendant in error on that of the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, and *John P. Donnelly,* assistant district attorney.

The following opinion was filed October 14, 1924:

ROSENBERRY, J.   The plaintiff in error, hereinafter called the defendant, was found guilty of having in his possession intoxicating liquor containing more than one half of one per cent. of alcohol, he being then and there a person licensed to sell non-intoxicating beverages.   It was stipulated upon the trial that the defendant was the licensee of the premises and that the fluid found contained more than one half of one per cent. of alcohol.

The sole question in controversy was whether or not the

defendant was the owner or tenant of the place.   The statute makes no reference to the owner or tenant but refers to the licensee, and when it is proven, as in this case, that the defendant was in possession of the premises as licensee the requirement of the statute is met.   The liquor consisted of one half pint of liquid found in a large shell glass on a workbench behind the bar.   The defendant denied that he was present at the time the officers entered upon the premises. The officers testified that he was there.   The jury found in favor of the contention of the State, and the evidence is ample to sustain the finding of the jury.   Being present, the licensee of the place, and the liquor within his control, he was in possession thereof within the meaning of the statute.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on January 13, 1925.